IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF TEXAS, *ex rel.* MARK MASSO, <br><br>             Plaintiff, <br><br> vs. <br><br> CORNERSTONE REGIONAL HOSPITAL, L.P. and DR. RAUL A. MARQUEZ, <br><br>             Defendants. | Case No. 7:20-CV-22 |

**DEFENDANT CORNERSTONE REGIONAL HOSPITAL'S ANSWER TO SECOND AMENDED COMPLAINT**

Defendant Cornerstone Regional Hospital, L.P. ("Cornerstone") hereby answers and responds to Relator Mark Masso's ("Relator") Second Amended Complaint ("SAC"), and respectfully states as follows[1]:

**INTRODUCTION**

1.     Cornerstone admits that it submitted claims for payment to government payors only for its separate hospital services for surgeries performed by Dr. Raul Marquez ("Dr. Marquez") at its facility. Cornerstone did not and does not submit claims for payment for the separate physician surgical services provided by Dr. Marquez. Cornerstone denies Relator's remaining allegations in Paragraph 1 of the SAC. Relator's allegations in Paragraph 1 of the

---

[1] The following numbered paragraphs correspond to the numbered paragraphs listed in the Second Amended Complaint. To the extent there are headings, sub-headings, footnotes, introduction paragraphs and relief requested clauses that are not numbered, Cornerstone denies any allegation or relief requested therein. Any allegations not specifically admitted to herein are denied.

SAC also contain legal conclusions to which no response is required. Relator's introductory allegation requires no admission or denial.

2. Cornerstone denies Relator's allegations in Paragraph 2 of the SAC.

3. Cornerstone denies Relator's allegations in Paragraph 3 of the SAC. Relator's allegations in Paragraph 3 of the SAC also state legal conclusions to which no response is required.

4. Cornerstone lacks sufficient knowledge to admit or deny Relator's allegations in Paragraph 4 of the SAC. Further, the allegations in Paragraph 4 contain legal conclusions to which no response is required. To the extent of any remaining allegations in Paragraph 4 of the SAC requiring response, Cornerstone denies the same.

5. Cornerstone denies that it has any "legal responsibility" for any alleged "false claims" asserted in Relator's SAC. Cornerstone lacks sufficient knowledge to admit or deny Relator's remaining allegations in Paragraph 5 of the SAC. Further, the allegations in Paragraph 5 contain legal conclusions to which no response is required. To the extent of any remaining allegations in Paragraph 5 of the SAC requiring response, Cornerstone denies the same.

## RELEVANT FEDERAL AND STATE LAW

6. Paragraph 6 of Relator's SAC describes certain elements or provisions of the False Claims Act ("FCA"), a federal statute that speaks for itself. Further, the allegations in Paragraph 6 contain legal conclusions to which no response is required.

7. Paragraph 7 of Relator's SAC describes certain elements or provisions of the TMFPA, a state statute that speaks for itself. Further, the allegations in Paragraph 7 contain legal conclusions to which no response is required.

8. Cornerstone denies that Relator is entitled to the relief or damages requested in Paragraph 8 of the SAC, and further denies that Cornerstone submitted or caused to be submitted false and fraudulent claims, records, and statements to the United States Government and State of Texas for payment.

## GOVERNMENT HEALTHCARE PROGRAMS

9. Paragraph 9 of Relator's SAC purports to describe the Medicare program and various purported requirements of Medicare, a program that speaks for itself. Further, the allegations in Paragraph 9 contain legal conclusions to which no response is required.

10. Paragraph 10 of Relator's SAC purports to describe the Medicaid program, a program that speaks for itself. Further, the allegations in Paragraph 10 contain legal conclusions to which no response is required.

11. Paragraph 11 of Relator's SAC purports to describe the TriCare program, a program that speaks for itself. Further, the allegations in Paragraph 11 contain legal conclusions to which no response is required.

12. Cornerstone denies that it is liable under the FCA and TMFPA. The remaining allegations in Paragraph 12 of the SAC purport to describe how the government is billed for qualified healthcare services, a statutory and regulatory process that speaks for itself. Further, the allegations in Paragraph 12 contain legal conclusions to which no response is required.

13. Paragraph 13 of the SAC purports to describe how the government is billed for qualified healthcare services, a statutory and regulatory process that speaks for itself. Further, the allegations in Paragraph 13 contain legal conclusions to which no response is required.

14.     Paragraph 14 of the SAC purports to describe how the government is billed for qualified healthcare services, a statutory and regulatory process that speaks for itself. Further, the allegations in Paragraph 14 contain legal conclusions to which no response is required.

15.     Paragraph 15 of the SAC purports to describe how the government is billed for qualified healthcare services, a statutory and regulatory process that speaks for itself. Further, the allegations in Paragraph 15 contain legal conclusions to which no response is required.

16.     Paragraph 16 of the SAC purports to describe how the government is billed for qualified healthcare services, a statutory and regulatory process that speaks for itself. Further, the allegations in Paragraph 16 contain legal conclusions to which no response is required.

17.     Paragraph 17 of the SAC purports to describe how the government is billed for qualified healthcare services, a statutory and regulatory process that speaks for itself. Further, the allegations in Paragraph 17 contain legal conclusions to which no response is required.

18.     Paragraph 18 of the SAC purports to describe how the government is billed for qualified healthcare services, a statutory and regulatory process that speaks for itself. Further, the allegations in Paragraph 18 contain legal conclusions to which no response is required.

19.     Paragraph 19 of the SAC purports to describe examples of false healthcare claims to the government and cites to the FCA and other federal statutes, all of which speak for themselves. Further, the allegations in Paragraph 19 contain legal conclusions to which no response is required.

20.     Paragraph 20 of the SAC purports to describe how the government is billed for qualified healthcare services, a statutory and regulatory process that speaks for itself. Further, the allegations in Paragraph 20 contain legal conclusions to which no response is required and

speculative and conclusory allegations to which Cornerstone lacks sufficient knowledge to either admit or deny.

## PARTIES

21. Cornerstone denies that it engaged in fraudulent practices regarding any claims submitted for payment to Medicare, Medicaid, or TriCare. Cornerstone lacks sufficient knowledge to admit or deny the remaining allegations ins Paragraph 21 of the SAC.

22. Cornerstone admits that Dr. Marquez is an independent contractor who performs surgeries at Cornerstone's facility and that he handles his own separate claims and billing for performing those procedures. Cornerstone lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 22 of the SAC.

23. Cornerstone admits the allegations in Paragraph 23 of the SAC.

### I.   JURISDICTION AND VENUE

24. Paragraph 24 of the SAC describes alleged jurisdictional elements of the FCA, which speak for themselves, and states legal conclusions that do not require a response.

25. Paragraph 25 of the SAC describes alleged jurisdictional elements of the FCA, including supplemental jurisdiction, which speak for themselves, and states legal conclusions that do not require a response.

26. Cornerstone denies that it violated the FCA or TMFPA. Cornerstone admits that it resides and transacts business in the Southern District of Texas. The remaining allegations in Paragraph 26 of the SAC state legal conclusions that require no response and describe alleged personal jurisdiction elements under the FCA, which speak for themselves.

27. Cornerstone denies that it violated the FCA or TMFPA. Cornerstone admits that it resides and transacts business in the Southern District of Texas. The remaining allegations in

5

Paragraph 27 of the SAC state legal conclusions that require no response and describe alleged venue elements under the FCA, which speak for themselves.

## BACKGROUND

28. Cornerstone admits that Dr. Marquez schedules and performs surgeries on his patients at Cornerstone's facility. With respect to the remaining allegations, Cornerstone lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 28 of the SAC.

29. Cornerstone lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 29 of the SAC.

30. Cornerstone admits that Dr. Marquez has invited foreign physicians, including orthopedic surgeons from Mexico ("Foreign Physicians"), to observe certain surgeries he performs at Cornerstone. Cornerstone lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 30 of the SAC, including those directed at Dr. Marquez.

31. Cornerstone denies the allegations contained in Paragraph 31 of the SAC.

32. Paragraph 32 of the SAC describes generally purported credentialing processes in hospitals non-specific to Cornerstone and cites to various federal regulatory and Texas statutory provisions relating to the same, which speak for themselves. Paragraph 32 also contains allegations that state legal conclusions, which do not require a response.

33. Paragraph 33 of the SAC describes generally purported credentialing and privileging processes in hospitals non-specific to Cornerstone, which speak for themselves.

34. Cornerstone admits that it has a credentialing process for physician providers to perform surgical procedures at its hospital facility, and that this process involves the physicians providing certain information to Cornerstone. The remaining allegations in Paragraph 34 of the SAC are denied and/or do not require a response.

35. Cornerstone admits that, to remain credentialed at its hospital facility, physician providers must keep their records and qualifications current with Cornerstone's requirements and that the failure to keep their records and qualifications current could result in the revocation of their credentials and/or privileges. The remaining allegations in Paragraph 35 of the SAC do not require a response or are denied.

36. Cornerstone denies that Relator was required to apply for and be processed to receive credentials and privileges to attend surgeries at its hospital facility. Cornerstone admits that Relator had to sign in through a system at its facility that manages vendor representatives, and that this system would have printed a badge for him to wear to allow him access to Cornerstone's operating rooms for surgeries he was scheduled to attend. Cornerstone denies any remaining allegations in Paragraph 36 of the SAC and/or they do not require a response.

37. Cornerstone denies that Foreign Physicians who attended Dr. Marquez's surgeries did not have observation privileges to be present in the Cornerstone's operating rooms. Cornerstone further denies that Foreign Physicians could "perform surgery" at its hospital facility. At this time, Cornerstone lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 37 of the SAC and/or said allegations do not require a response.

38. Cornerstone denies the allegations in Paragraph 38 of the SAC.

39. Cornerstone lacks sufficient knowledge to admit or deny allegations directed to and asserted against Dr. Marquez. Cornerstone denies the remaining allegations in Paragraph 39 of the SAC.

40. Cornerstone admits that Relator did not attend every orthopedic procedure at its hospital facility. Cornerstone denies the remaining allegations in Paragraph 40 of the SAC.

41. Cornerstone denies the allegations in Paragraph 41 of the SAC.

42. Cornerstone admits that on or about August 1, 2018, a 62-year-old female patient, M.S., had surgery at Cornerstone for a partial knee replacement. Cornerstone further admits that it submitted a claim for payment to the appropriate payor for its separate hospital services that supported this surgery. Cornerstone is without sufficient knowledge to admit or deny allegations in Paragraph 42 of the SAC that are directed to Dr. Marquez. Cornerstone denies the remaining allegations in Paragraph 42 of the SAC.

43. Cornerstone admits that on or about August 1, 2018, a 69-year-old female patient, E.B.G., had surgery at Cornerstone for a total knee replacement. Cornerstone further admits that it submitted a claim for payment to the appropriate payor for its separate hospital services that supported this surgery. Cornerstone is without sufficient knowledge to admit or deny allegations in Paragraph 43 of the SAC that are directed to Dr. Marquez. Cornerstone denies the remaining allegations in Paragraph 43 of the SAC.

44. Cornerstone admits that on or about August 13, 2018, a 58-year-old male patient, H.G.J., had surgery at Cornerstone for a total knee replacement. Cornerstone further admits that it submitted a claim for payment to the appropriate payor for its separate hospital services that supported this surgery. Cornerstone is without sufficient knowledge to admit or deny allegations in Paragraph 44 of the SAC that are directed to Dr. Marquez. Cornerstone denies the remaining allegations in Paragraph 44 of the SAC.

45. Cornerstone admits that on or about August 13, 2018, a 75-year-old female patient, S.R.Q., had surgery at Cornerstone for a total knee replacement. Cornerstone further admits that it submitted a claim for payment to the appropriate payor for its separate hospital services that supported this surgery. Cornerstone is without sufficient knowledge to admit or

deny allegations in Paragraph 45 of the SAC that are directed to Dr. Marquez. Cornerstone denies the remaining allegations in Paragraph 45 of the SAC.

46. Cornerstone denies that Eddie Hinojosa is a Cornerstone employee. Cornerstone is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 46 of the SAC discussing Relator's own alleged photograph.

47. Cornerstone admits that Juan Ozuna is a Cornerstone employee. To the extent implied, Cornerstone denies that Foreign Physicians performed critical portions of surgeries at its hospital facility. Cornerstone is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 47 of the SAC discussing Relator's own alleged photograph.

48. Cornerstone denies the allegations stated in Paragraph 48 of Relator's SAC.

49. Cornerstone admits that it submitted claims for payment to appropriate payors for its separate hospital services in regard to surgeries performed by Dr. Marquez at its hospital facility. Cornerstone denies the remaining allegations stated in Paragraph 49 of Relator's SAC. Relator's allegations in Paragraph 49 of the SAC containing legal conclusions do not require a response.

50. Cornerstone admits that patient S.Q.R. had a knee replacement surgery at Cornerstone on or about August 13, 2018. Cornerstone lacks sufficient knowledge to admit or deny Relator's allegations directed at Dr. Marquez in Paragraph 50 of the SAC. Cornerstone also lacks sufficient knowledge to admit or deny what Relator has or has not seen. Cornerstone denies the remaining allegations in Paragraph 50 of the SAC, including that Dr. Damian Cabrera performed the surgery.

51. Cornerstone lacks sufficient knowledge to admit or deny Relator's allegations directed at Dr. Marquez in Paragraph 51 of the SAC. Cornerstone also lacks sufficient knowledge to admit or deny what Relator has or has not seen.

52. Cornerstone admits that for patients S.R.Q., M.S., E.B.G., and H.G.J., it listed Dr. Marquez as the operating surgeon for the procedures on its CMS-1450 forms. Cornerstone lacks sufficient knowledge to admit or deny what Relator has or has not seen. Cornerstone denies the remaining allegations in Paragraph 52 of the SAC.

53. Cornerstone denies the allegations in Paragraph 53 of the SAC. To the extent Relator's allegations in Paragraph 53 state legal conclusions, no response is required.

54. Cornerstone denies the allegations in Paragraph 54 of the SAC. To the extent Relator's allegations in Paragraph 54 state legal conclusions, no response is required.

55. Cornerstone admits that it has CMS Provider Agreements with the government. The remaining allegations in Paragraph 55 of the SAC appear to describe and/or cite to general CMS Provider Agreements that do not necessarily reflect any Provider Agreements specific to Cornerstone or which it maintains. General CMS Provider Agreements presumably speak for themselves and require no response by Cornerstone, and/or Cornerstone lacks sufficient knowledge to admit or deny as to the contents of the general Provider Agreements to which Relator refers. To the extent Relator's allegations in Paragraph 55 state legal conclusions, no response is required. Cornerstone denies any other allegations in Paragraph 55.

56. Cornerstone denies that it has signed Electronic Data Interchange Enrollment Forms with the government. The remaining allegations in Paragraph 56 of the SAC appear to describe and/or cite to general Electronic Data Interchange Enrollment Forms that are not specific to Cornerstone. The general Electronic Data Interchange Enrollment Forms presumably

speak for themselves and require no response by Cornerstone, and/or Cornerstone lacks sufficient knowledge to admit or deny as to the contents of the general Forms to which Relator refers. To the extent Relator's allegations in Paragraph 56 state legal conclusions, no response is required. Cornerstone denies any other allegations in Paragraph 56.

57. Cornerstone admits that, as a hospital facility, it would submit an annual cost report to CMS. The remaining allegations in Paragraph 57 of the SAC appear to describe and/or cite to general annual cost reports that are not necessarily specific to Cornerstone. The general cost reports presumably speak for themselves and require no response by Cornerstone, and/or Cornerstone lacks sufficient knowledge to admit or deny as to the contents of the general cost reports to which Relator refers. To the extent Relator's allegations in Paragraph 57 state legal conclusions, no response is required. Cornerstone denies any other allegations in Paragraph 57.

58. Denied. To the extent the remaining allegations in Paragraph 58 of the SAC cite to and/or describe federal statutes, those statutes speak for themselves. To the extent Relator's allegations in Paragraph 58 state legal conclusions, no response is required.

59. Cornerstone admits that observing Foreign Physicians, as alleged in the SAC, were not granted privileges to perform surgeries at its hospital facility. The remaining allegations in Paragraph 59 of the SAC cite to and/or describe statutes or regulations, which speak for themselves. To the extent Relator's allegations in Paragraph 59 state legal conclusions, no response is required. Cornerstone denies any other allegations in Paragraph 59.

60. Cornerstone denies the allegations in Paragraph 60 of the SAC. To the extent Relator's allegations in Paragraph 60 state legal conclusions, no response is required.

**Cornerstone's Knowledge and Support**

61. Cornerstone lacks sufficient knowledge to admit or deny the allegations directed at Dr. Marquez in Paragraph 61 of the SAC. Cornerstone denies the remaining allegations in Paragraph 61.

62. Cornerstone admits that observing Foreign Physicians were allowed to be present in its hospital facility to observe Dr. Marquez's surgeries when appropriate observation privileges were granted. Cornerstone lacks sufficient knowledge to admit or deny certain allegations directed at Roxanna Godinez at this time. Cornerstone denies the remaining allegations in Paragraph 62 of the SAC.

63. Cornerstone admits that Juan Ozuna is an employee of Cornerstone. At this time, Cornerstone lacks sufficient knowledge to admit or deny whether Cornerstone's CEO, Eddie Hinojosa, who is not a Cornerstone employee, and Juan Ozuna attended celebratory dinners with any of the Foreign Physicians and, if Cornerstone's CEO, Eddie Hinojosa, and Juan Ozuna attended those dinners, what was discussed. Cornerstone denies the remaining allegations in Paragraph 63 of the SAC, including that Cornerstone participated in any "Institute", including the "Marquez Robotic Orthopedic Institute."

64. Cornerstone admits that it never applied nor was granted permission to operate a program titled, "Total Joint Replacement, Robotic & Navigated Joint Replacements and Sports Medicine." Cornerstone is unaware of any involvement or affiliation with this alleged program and did not authorize the use of its name or trademark in connection with it. As a result, Cornerstone lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 64 of the SAC.

65. Cornerstone admits that it had operating room personnel present in the operating room during surgeries performed by Dr. Marquez at its hospital facility, including Juan Ozuna. Cornerstone denies the remaining allegations in Paragraph 65 of the SAC.

66. Cornerstone admits that it kept operating room logs for the surgical procedures Dr. Marquez performed at its hospital facility, and that these logs typically would have noted who was present in the operating room and in what capacity. Cornerstone also admits that Dr. Jose Dionisio Palacios Barajas was a Foreign Physician who had privileges to observe surgeries of Dr. Marquez at Cornerstone. Cornerstone denies the remaining allegations in Paragraph 66 of the SAC. To the extent Relator's allegations in Paragraph 66 state legal conclusions, no response is required.

67. Cornerstone admits that Dr. Carlos Adan Damian Cabrera appears on the operating room logs as an observer for the H.G. and S.R.Q. procedures on August 13, 2018. Cornerstone also admits that Dr. Cabrera is not listed on the operating room logs for the M.S. and E.B.G. procedures that occurred on or about August 1, 2018. Cornerstone denies the remaining allegations in Paragraph 67 of the SAC. To the extent Relator's allegations in Paragraph 67 state legal conclusions, no response is required.

68. Cornerstone admits that it does not have a residency program. Cornerstone denies the remaining allegations in Paragraph 68 of the SAC.

69. Paragraph 69 of the SAC contains allegations purporting to generally describe patient consent forms and processes non-specific to Cornerstone, documents and processes that respectively speak for themselves. Cornerstone also lacks sufficient knowledge to admit or deny allegations regarding what a patient knows, thinks, or feels. Cornerstone denies the remaining

allegations in Paragraph 69. To the extent Relator's allegations in Paragraph 69 state legal conclusions, no response is required.

70. Cornerstone admits that it did not include Foreign Physicians, as alleged in the SAC, on claims for payment to the government as none were the attending or operating physicians for surgeries at issue involving Cornerstone's services. Cornerstone denies the remaining allegations in Paragraph 70 of the SAC.

71. Cornerstone admits that the hospital has procedures for third party medical device salespersons to be present in the operating rooms at its hospital facility, and that this may have included signing in and receiving a badge. Cornerstone lacks sufficient knowledge to admit or deny what Relator contends to have personally observed. Cornerstone denies the remaining allegations in Paragraph 71 of the SAC.

72. Cornerstone admits that it requires third party medical device salespersons to display the badge issued to them while present in the operating rooms at its facility. Cornerstone lacks sufficient knowledge to admit or deny what Relator contends to have personally observed. Cornerstone denies the remaining allegations in Paragraph 72 of the SAC.

73. Cornerstone admits that the hospital staff is instructed to inspect third party medical device salespersons for a hospital badge demonstrating their authorization to be present in operating rooms at its facility. Cornerstone lacks sufficient knowledge to admit or deny what Relator contends to have personally observed. Cornerstone denies the remaining allegations in Paragraph 73 of the SAC.

74. Cornerstone denies the allegations in Paragraph 74 of the SAC.

75. Cornerstone lacks sufficient knowledge to admit or deny what an unnamed "untrained, unlicensed Foreign Person" allegedly "bragged" about to Relator. Cornerstone denies the remaining allegations in Paragraph 75 of the SAC.

76. Cornerstone lacks sufficient knowledge to admit or deny the contents of alleged discussions between Relator and Dr. Marquez or any alleged materials exchanged between the two individuals. At this time, Cornerstone also lacks sufficient knowledge to admit or deny what its Roxanna Godinez may have explained to Relator regarding reimbursement or pricing issues. Cornerstone denies the remaining allegations in Paragraph 76 of the SAC.

## COUNT 1
**Violations of the Federal False Claims Act**
**[31 U.S.C. §§ 3729(a)(1)(A), (a)(1)(B)]**

Cornerstone restates and realleges all previous paragraphs of this Answer for all sections below.

77. Paragraph 77 of the SAC states a legal conclusion to which no response is required. Cornerstone denies any remaining allegations in Paragraph 77 to the extent a response is required.

78. Paragraph 78 of the SAC states a legal conclusion to which no response is required. Cornerstone denies any remaining allegations in Paragraph 78 to the extent a response is required.

79. Cornerstone denies the allegations in Paragraph 79 of the SAC.

80. Cornerstone denies the allegations in Paragraph 80 of the SAC.

81. Cornerstone denies the allegations in Paragraph 81 of the SAC.

82. Cornerstone denies the allegations in Paragraph 82 of the SAC.

## COUNT 2
### False Claims Act Conspiracy
**[31 U.S.C. §§ 3729(a)(1)(C)]**

83. Paragraph 83 of the SAC states a legal conclusion to which no response is required. Cornerstone denies any remaining allegations in Paragraph 83 to the extent a response is required.

84. Paragraph 84 of the SAC states a legal conclusion to which no response is required. Cornerstone denies any remaining allegations in Paragraph 84 to the extent a response is required.

85. Cornerstone denies the allegations in Paragraph 85 of the SAC.

86. Cornerstone denies the allegations in Paragraph 86 of the SAC.

87. Cornerstone denies the allegations in Paragraph 87 of the SAC.

88. Cornerstone denies the allegations in Paragraph 88 of the SAC.

## COUNT 3
### Violations of the Texas Medicaid Fraud Prevention Act
**[Tex. Human Res. Code ann. §§ 36.002(1), (4)(B)]**

89. Paragraph 89 of the SAC states a legal conclusion to which no response is required. Cornerstone denies any remaining allegations in Paragraph 89 to the extent a response is required.

90. Paragraph 90 of the SAC states a legal conclusion to which no response is required. Cornerstone denies any remaining allegations in Paragraph 90 to the extent a response is required.

91. Cornerstone denies the allegations in Paragraph 91 of the SAC.

92. Cornerstone denies the allegations in Paragraph 92 of the SAC.

93. Cornerstone denies the allegations in Paragraph 93 of the SAC.

94. Cornerstone denies the allegations in Paragraph 94 of the SAC.

## PRAYER

95. Cornerstone denies the allegations and relief requested in Paragraph 95 of the SAC.

96. Cornerstone denies the allegations and relief requested in Paragraph 96 of the SAC.

97. Cornerstone denies the allegations and relief requested in Paragraph 97 of the SAC.

98. Cornerstone denies the allegations and relief requested in Paragraph 98 of the SAC.

99. Cornerstone denies the allegations and relief requested in Paragraph 99 of the SAC.

100. Cornerstone denies the allegations and relief requested in Paragraph 100 of the SAC.

## JURY DEMAND

101. Paragraph 101 of the SAC requires no response.

Unless specifically admitted, Cornerstone denies each and every allegation in the SAC.

## DEFENSES

For its defenses to Relator's claims, Cornerstone states as follows:

1. The SAC fails to state a claim upon which relief can be granted.

2. The SAC does not plead fraud with particularity as required by Federal Rule 9(b).

3. Relator's claims are barred to the extent it lacks standing or capacity under the FCA or TMFPA.

4. Relator's claims fail because Cornerstone's claims for reimbursement were not false or fraudulent.

5. Relator's claims are barred, in whole or in part, because Cornerstone's conduct was in compliance with, or authorized by, applicable laws, rules and regulations.

6. Relator's claims are barred because they rely on ambiguous provisions of statutes, rules, and regulations, and the rule of lenity requires such ambiguities to be construed in Cornerstone's favor.

7. Relator's claims fail on grounds of lack of materiality.

8. Relator's claims fail on grounds of lack of scienter.

9. Relator's claims fail because the United States Government and State of Texas suffered no damages resulting from Relator's allegations.

10. The damages alleged by Relator, if any, were caused by the negligence or fault of others over whom Cornerstone exercised no control nor responsibility, and/or because of others whose actions or inactions cannot be imputed to Cornerstone.

11. Relator's claims are barred because all or part of any Cornerstone employee conduct alleged in the SAC cannot be imputed to Cornerstone under the doctrine of respondeat superior or any other theory of vicarious liability.

12. Relator's claims are barred or limited, in whole or in part, by the doctrines of recoupment, offset and set-off.

13. Relator's claims were caused, in whole or in part, by its own unlawful conduct.

14. Relator's claims are barred by the doctrine of unclean hands.

15. Relator's claims are barred by its own fraud or tortious conduct.

16. Relator's claims are barred by the doctrines of waiver and estoppel.

17. Relator's claims are barred by the statute of limitations.

18. Relator's claims are barred by the doctrine of laches.

19. Relator has failed to mitigate alleged damages in this matter, if any.

20. The penalties and treble damages authorized under the False Claims Act so exceed any actual losses incurred to the government as a result of any claims paid as to violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

21. Cornerstone asserts that it may have further and additional affirmative defenses, the nature of which cannot be determined until discovery occurs. Cornerstone therefore reserves the right to assert additional affirmative defenses.

Dated:  January 26, 2023                    Respectfully submitted,

/s/ *Scott McBride*
Scott McBride (Attorney-In-Charge)
Texas Bar No. 24002554
Southern District No. 23628
scott.mcbride@morganlewis.com
John W. Petrelli
Texas Bar No. 24056125
Southern District No. 706315
john.petrelli@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana, 41st Floor
Houston, Texas 77002
T:  1.713.890.5000
F:  1.713-890-5001

David G. Oliveira
Texas Bar No. 15254675
doliveira@rofllp.com
**ROERIG, OLIVEIRA & FISHER, LLP**
10225 N. 10th Street
McAllen, Texas 78504
T:  956.393.6300
F:  956.386.1625

*Counsel for Defendant*
*Cornerstone Regional Hospital*

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a true and correct copy of the foregoing was filed of record and served on all parties via the Court's ECF filing and notice system by electronic notification on January 26, 2023.

                                             */s/ Scott McBride*
                                             Scott McBride